UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

RIVKA WARMAN on behalf of herself and
all other similarly situated consumers

                                Plaintiff,

          -against-

SELIP & STYLIANOU, LLP

                             Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.     Plaintiff, Rivka Warman, brings this action against Selip & Stylianou, LLP for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.     Plaintiff is a citizen of the State of New York who resides within this District.

3.     Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.     Upon information and belief, Defendant's principal place of business is located in Woodbury, New York.

5.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

**Jurisdiction and Venue**

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**Allegations Particular to Rivka Warman**

9.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.     On or about February 4, 2016, Defendant sent the Plaintiff a collection letter.

11.     The said letter was an effort to collect on a consumer debt.

12.     The said letter stated the following: "If the amount forgiven is $600 or more, Discover may need to file a 1099C form with the IRS."

13.     The Defendant's language is deceptive and misleading and violated the FDCPA.

14.     Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.

> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

15.     There are several exceptions in which settlements in excess of $600.00 are not reported to the IRS.

16.     In addition, it is highly improbable for one who is in debt to have income as a result of settling a debt, as that person is more likely to be insolvent; so such a discharge would

not be considered as income.

17.     A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.[1]

18.     The language in the letter that states "If the amount forgiven is $600 or more, Discover may need to file a 1099C form with the IRS" could reasonably be understood by the least sophisticated consumer to mean that IRS regulations require that the client report all forgiveness of debt.

19.     The phrase "If the amount forgiven is $600 or more, Discover may need to file a 1099C form with the IRS" injects the Internal Revenue Service where there is no legal requirement or other obligation to do so.

20.     Defendant included the said language in an attempt to intimidate Plaintiff in violation of the FDCPA.

21.     The unsophisticated consumer reading the said letter will reasonably believe that if he or she does not contact Defendant immediately, a 1099-C Form could be filed with the IRS.

22.     The unsophisticated consumer would understand this statement to mean that the creditor is required by IRS regulations to report forgiveness of debt.

23.     The Defendant made the false and deceptive threat in an effort to scare and frighten the unsophisticated consumer into thinking he or she has to deal with the IRS and pay tax on the debt if he or she does not pay the amount in full.

24.     Although the Defendant had no duty to disclose any potential tax ramifications,[2] when

---

[1] Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

[2] Altman v. J.C. Christensen & Assocs., 786 F.3d 191, 194, 2015 U.S. App. LEXIS 7980, *7 (2d Cir. N.Y. 2015) "[T]he FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt."

Defendant chooses to give <u>tax</u> disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.[3]

25.   Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leaves out the essential element that the reporting of forgiveness of a debt happens only if the **principal** forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the $600 or greater amount forgiven contained interest forgiveness so long as the principal was less than $600.

26.   The statement "If the amount forgiven is $600 or more, Discover may need to file a 1099C form with the IRS" is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer.  A consumer reading this statement will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to report the forgiveness of

---

[3] <u>Foster v. Allianceone Receivables Mgmt.</u>, No. 15-cv-11108, 2016 U.S. Dist. LEXIS 56958, at *5-6 (N.D. Ill. Apr. 28, 2016) ("Plaintiff also argues that including any language regarding the IRS is a "collection ploy designed to deceive or mislead" the consumer into thinking that the IRS could be involved in their debt where there is no set of circumstances in which the IRS would be involved. At issue in this case is whether the unsophisticated consumer would plausibly be deceived by the Letter, and whether this deception would lead that consumer to settle the matter without negotiating the debt for fear that the settlement would be reported to the IRS. While the language at issue is not necessarily a misrepresentation of the law, by Defendant's own admission, the offered debt write-off does not meet the $600.00 threshold mentioned. It is plausible that mention of the IRS in a situation where there is no set of circumstances in which the IRS would be involved could mislead "a person of modest education and limited commercial savvy." As a consumer may forego his or her rights related to the disputed debt, by settling the matter without negotiation due to this deception, the statement in question is material. Accepting the Complaint's well-pleaded factual allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff alleges sufficient facts to state a plausible claim for relief."); <u>Velez v. Enhanced Recovery Co.</u>, No. 16-164, 2016 U.S. Dist. LEXIS 57832 (E.D. Pa. May 2, 2016) ("The Statement "may not be false in all respects, [but] it certainly is not completely true... the use of the contingent "may" in the Statement here does not materially distinguish it from the challenged language in Good because both phrases fail to communicate that there are other exceptional circumstances beyond the threshold amount that affect whether the cancellation of the debt is reportable... The least sophisticated debtor, given a generally applicable rule **with some, but not all**, of the relevant exceptions thereto, might be misled into thinking that there will be adverse tax consequences for settling a debt for less than the total amount due. The conditional "may" of the Statement does not remove from the realm of possibility that the least sophisticated debtor might be deceived into thinking that ERC must or will report certain settlement amounts to the IRS, even when it does not intend to, or would not be required to, under the relevant statute and regulations... It would not be bizarre or idiosyncratic for the least sophisticated debtor to believe that the "invocation of the IRS reasonably suggests…that he or she could get in trouble with the IRS for refusal to pay the debt, or for obtaining any debt forgiveness of $600 or more." The least sophisticated debtor could reasonably assume that ERC included the Statement because it was relevant, and such a debtor could believe, given the lack of specificity in the generally-stated rule that mentions one exception but not others, that the action he chooses to take with respect to the debt will trigger tax consequences or reporting requirements... we do not believe that the conditional "may" of the Statement renders it proper...The least sophisticated debtor, even reading carefully, might not understand that the "may" refers only to the $600 threshold and to no other possible triggering event or exception. It would not be bizarre or idiosyncratic for the least sophisticated debtor to believe that ERC retained some discretion in whether to report or that some other related federal law governed the reporting of the discharge.") (emphasis added)

debt to the IRS, per the IRS regulations (creating by fear of the IRS another incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information - because in actual fact and according to IRS regulations, the creditor "**will not**" be required to report to the IRS report forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness if the amount contained interest.

27.     If the creditor wishes to legitimately give tax advice in a sincere manner, one that does not mislead the consumer, then that creditor should specify and make clear to the least sophisticated consumer that only certain amounts require reporting, and that this applies only to principle and not to interest forgiveness.

28.     The creditor should also specify what amounts are principle and what part of it is interest, in the amounts owed. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

29.     Defendant included the said language in its letter as a collection ploy designed to deceive or mislead the unsophisticated consumer into thinking the IRS will be somehow involved in their debt, in violation of the FDCPA.

30.     The unsophisticated consumer will reasonably believe that in order not to be reported to the IRS, he or she must contact Defendant to keep that from occurring, regardless of whether the debt is reportable.

31.     Defendant is not an applicable entity with a reporting obligation, it is but a debt collector. Defendant should especially refrain from giving such misleading tax advice, by

suggesting that there is a possibility that the IRS could be involved in Plaintiff's debt, when, in fact, under no set of current circumstances would the IRS be involved.

32.    The use of the words "If the amount forgiven is $600 or more, Discover may need to file a 1099C form with the IRS" is an attempt by the debt collector to make the debtor think that the IRS regulations require the reporting of all forgiveness of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor will report all forgiveness of debt as is required by IRS regulations.[4]

33.    Additionally, the Defendant's use of conditional language, i.e., the use of the word "may" – does not save it from liability.

34.    The Seventh Circuit, in <u>Lox v. CDA, Ltd., 689 F.3d 818 (7th Cir. 2012)</u>, stated "that it is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass". *Id.*, at 825. In reaching this conclusion, the Court in *Lox* discussed *Ruth v. Triumph P'Ships*, 577 F.3d 790 (7th Cir. 2009), and *Gonzales v. Arrow Fin. Servs*., *LLC,* 660 F.3d 1055 (9th Cir. 2011). In *Gonzales*, the defendant had alleged that it would report the account as settled "if [the defendant was] reporting the account..." *Id*., at 1059. In *Gonzales*, the defendant could not legally report the debt to a credit bureau, much like in this case Defendant, or its client, could not legally file a Form 1099-C with the IRS. Gonzales specifically reasoned that "[c]onditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability." *Id.*, at 1063. In *Ruth*, the defendant alleged that it "may collect and/or share all the information [defendant obtains] in servicing [the plaintiff's] account". *Id*., at 793. However, the defendant in *Ruth* was legally barred from sharing any information absent consent, much

---

[4] <u>Russell v. Equifax A.R.S., 74 F.3d 30, 35, 1996 U.S. App. LEXIS 1042, *13 (2d Cir. N.Y. 1996)</u> (That a notice's terminology is vague or uncertain will not prevent it from being held deceptive under 1692e.)

like Defendant, or its client, is legally barred from filing a Form 1099-C with the IRS regarding Plaintiff's debt. Defendant simply included the IRS in its letter to intimidate and mislead Plaintiff.

35.    In a recent decision, this court found in the case of Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,) that a statement regarding the requirement to file a 1099: "was not strictly true under all circumstances because **it failed to apprise debtors** that possible exceptions could apply to the creditor's mandatory reporting requirement, such as the exceptions **for interest and other non-principal debts**." Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,) (emphasis added); see also Good v. Nationwide Credit, Inc., No. 14-4295, 2014 BL 302150 (E.D. Pa. Oct. 24, 2014) (finding that the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions" is not true and does not accurately reflect the relevant law the court also found that the statement's invocation of the IRS was deceptive and materially misleading in violation of the FDCPA.)

36.    The Defendant tends to give erroneous and/or incomplete tax advice to consumers.

37.    The FDCPA does not require that tax consequences be identified in collection letters sent to consumers; but where a debt collector has chosen to threaten the debtor with tax consequences, and has done so inaccurately, the false representation causes detrimental harm to the consumer since it concretely thwarts the consumer's ability to freely navigate a course of action in response to the collection notice. The risk in this type of harm is the detrimental impact to the consumer. And such harm is precisely the kind of infringement of the consumer's best interests that the FDCPA seeks to combat.

38.   Such a statement in a collection letter suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS.[5]

39.   The statement in the said February 4, 2016 letter is false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

40.   Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

41.   Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

42.   Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

43.   Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

44.   Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

45.   Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

46.   The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of hers right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

47.   These deceptive communications additionally violated the FDCPA since they frustrate

---

[5] Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,); Wagner v. Client Services, Inc., No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); Sledge v. Sands, 182 F.R.D. 255 (N.D.Ill. 1998).

the consumer's ability to intelligently choose his or her response.

48.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

49.     This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50.     The identities of all class members are readily ascertainable from the records of Selip & Stylianou, LLP and those business and governmental entities on whose behalf it attempts to collect debts.

51.     Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Selip & Stylianou, LLP, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

52.     There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.   The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

53.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

54.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling

consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

55.   This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the

Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

56.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

57.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

58.    Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

59.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

60.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through fifty nine (59) herein with the same force and effect is if the same were set forth at length herein.

61.    This cause of action is brought on behalf of Plaintiff and the members of a class.

62.    The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about February 4, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

## Violations of the Fair Debt Collection Practices Act

63.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

64.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
        November 24, 2016

                            __/s/ Maxim Maximov_____
                            Maxim Maximov, Esq.
                            Attorneys for the Plaintiff
                            Maxim Maximov, LLP
                            1701 Avenue P
                            Brooklyn, New York 11229
                            Office: (718) 395-3459
                            Facsimile: (718) 408-9570
                            E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                            __/s/ Maxim Maximov_____
                            Maxim Maximov, Esq.